**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 5, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PAUL ANDREW GOMEZ,

    Defendant - Appellant.

No. 25-3183
(D.C. No. 6:24-CR-10037-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **McHUGH**, Circuit Judges.
_____

Paul Gomez pled guilty to possession with the intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a). His plea agreement contained a broad waiver of his appellate rights. Despite that waiver, Mr. Gomez filed this appeal. The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc). In response, Mr. Gomez acknowledged his appeal waiver is enforceable and conceded to dismissal of this appeal.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Based on Mr. Gomez's concession, we grant the government's motion to enforce the appeal waiver and dismiss this appeal.

Entered for the Court

Per Curiam